**E-Filed - JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3739-GHK (PJWx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | *Hypertouch, Inc. v. Azoogle.com, Inc., et al.* | | |

**Presiding: The Honorable  GEORGE H. KING, U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

(none)                                                        (none)

**Proceedings:**     (In Chambers) Order Remanding Action to State Court

On June 27, 2008, we issued an Order to Show Cause ("OSC") in the above-captioned action. Defendants Azoogle.com, Inc. ("Azoogle") and Quicken Loans, Inc. ("Quicken Loans") (collectively "Defendants") were ordered to provide information regarding their own citizenship, as well as the citizenship of Plaintiff Hypertouch, Inc. ("Plaintiff").[1] We cautioned Defendants that their failure to timely and adequately show cause as required by our OSC would be deemed their admission that this Court lacks subject matter jurisdiction. Defendants' responses were timely filed on July 9, 2008.

While Quicken Loans' response includes the required information regarding its own citizenship, Azoogle's response does not. Although Azoogle requests more time to adequately respond to our OSC regarding its own citizenship, Defendants have failed to provide the required information regarding Plaintiff's citizenship. Defendants did not state that they were unable to obtain the necessary information nor did they request more time to adequately respond to our OSC regarding Plaintiff's citizenship. Therefore, Defendants have violated our OSC and have failed to carry their burden of establishing jurisdiction. Citizenship of the parties is a matter of this Court's subject matter jurisdiction, and "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Our exercise of jurisdiction under 28 U.S.C. § 1332 requires complete diversity between Plaintiff and Defendants, and absent a proper showing of citizenship, we cannot conclude that we have subject

//

---

[1] On June 17, 2008, Plaintiff filed a Notice of Dismissal as to Defendant Intuit Inc. only. Plaintiff's Complaint also included Rock Holdings, Inc. as a defendant. However, on July 3, 2008, Plaintiff filed a First Amended Complaint which did not include Rock Holdings, Inc. as a defendant.

*E-Filed - JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3739-GHK (PJWx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | *Hypertouch, Inc. v. Azoogle.com, Inc., et al.* | | |

//
//


matter jurisdiction over this action.  As such, this action is hereby **REMANDED** to the state court from which is was removed.


**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |